0PINI0N of foe Court, J>y
Cfe. J. Bofx».
0r?4‘ ford CQpveyedtq §hAw a tract of fopd wifo general warranty, and Shaw conveyed the same with like warranty ⅛ Long; who being erictpd, as he alleges, by persons holding an elder grant for the land» hied his bill in chancery ; and upon the allegation that the title under which he claimed was superior in equity to that of those holding the elder grant, prayed that they might be compelled to convpy to him •: but if his title should not pé adjudged superior in equity, then upon foe suggestion that Shaw was insolvent and had absconded or remoyed from % state, he prayed that Bradford, as well as Shaw, might be decreed to make him compensation tor the land from which he was evicted. Upon a final hearing the bill was dismissed as to those holdingthe elder grant, and a decree pronounced in favor of Long against Bradford and Shaw jointly, for the value of the land lost, deducting the amount received for improvements. From that decree Bradford has appealed to tiiis court.
The first and principal question which the case presents, is, whether a court of equity is Competent to decree compensation in such a qise ? This question, ,we are of opinion, mustbe answered in the negative. There cap he no doubt that Long might with propriety resort tq a court of chancery tp compel a conveyance from ⅜0⅛§ haying the elder legal title, provided the right under which he claims was superior in equity; but to such a suit neither Shaw nor Bradford was a necessary party. Whether they were parties py not» the failure of Long to establish a superior equity, was not a necessary prerequisite to enable ⅜⅛ to obtain relief at Jaw uppn the co-yenant of warranty : for his right to such relief WAS complete upon the eviction haring taken place in Virtue ti. a superior legal tille ,* ⅜⅛⅜ ⅜ fop remedy afforded by a. court of law is adequate in such a case to all the demands pf justice, there can bp ¡ap reaspn for resorting to a court of chancery. ,¶¾§ application tp á court of equity for relief in this cabe» geping to be founded upon the snppositfon that Long cqigld have no rplief at law against Bnadfprd, as he ¾¾§ hqt hi§ immediate vepdo^f anff as Shaw was insolvent, and ⅛⅞⅜ rempvpd from fo¡| ⅜⅝⅛½,,he. would, without the aid of ⅝ cauri ⅜ equj|y* ⅝⅜ ⅞⅛⅛⅛¾§11⅜¾⅜
*226 The idearthat Long could nothave relief at law against Bradford, is certainly erroneous: for the covenant of warranty is one which runs with the land, and of Which a remote, as well as an immediate vendee may avail himself. Bradford’s covenant of Warranty is expressly made with Shaw and his assigns; and in such a case, even Where the warranty bound the party to yield lands in recompence, the assignee of the purchaser could take advantage of it. But in this country the covenant of warranty is considered as only binding the party to give damages as a compensation for the loss of the land warranted; and such a covenant is in this respect more extensive than the ancient warranty: for the .assignee, though not named in the covenant, may have a remedy for a breach of it. — Go. Lit. 384 b, 385 a, and Butler’s note 532.
The decree must be reversed witli costs, and the cause remanded that thebill as to Bradford and Shaw be dismissed with costs, the subject matter not being proper for relief in a court of equity.