Judge Mills
delivered the opinion.
John Hann brought his action of covenant in the court *323 fcelow against James Birney, and declared on a deed of con-Tevance, with general warranty, for a half acre lot of ground in tile town of Lancaster, executed by said Birney, in consideration of seven hundred dollars, to Stephen Perkins. And to shew himself entitled to the action, as an assignee of the covenant, he sets out in his declaration a deed of 1 ke warranty, executed to him, the plaintiff below, by the said Perkins. He next sets forth a deed with the same warranty to William Fields and Janies Dunn, made bv himself. He then alleges a breach of the warranty by a judgment of eviction against the said Fields and Dunn, by the heirs of Michael Miller, who claimed and held a title paramount to that conveyed by Birney, and existing at the time of Birney’s conveyance. To this action Birney appeared, and, among other pleas on which issues were joined, he pleaded one to the following effect, after craving ®yer of his own deed declared on:
“That prior to, and at (be date of, the deed of Stephen and Joseph Perkins, set forth in said plea, the said Stephen and Joseph was indebted to, and bound to pay him, said Birney, the sum of money in said deed mentioued, and in payment of and satisfaction of said demand, they, said Stephen and Joseph, did make and execute to this said then defendant, a deed of conveyance for the lot in the declaration mentioned, which was dated the eighth of March, lh04, of which profert was made, which deed was received as executed by him, said Birney, in satisfaction of said demand against said Stephen and Joseph Perkins. And af-terwards, on the 31st of March, 1804, he, said Birney, at the special instance and request of said Stephen arid Joseph Perkins, and for the purpose of enabling him, said Joseph, to make a more advantageous disposition of said lot, did reconvey said lot to said Siephen Perkins, bv the deed in the declaration mentioned, and received from the said Perkins payment of the debt and demand due by said Perkins to him. And he avers that the said deed was executed by him to said Stephen Perkins for no other cause and consideration than in said ¡ilea stated.”
To this plea the plaintiff below demurred, and the court sustained his demurrer A verdict and judgment was rendered for him, and the defendant below has prosecuted this writ of error.
It is now contended by the assignment of error, that as Kami, by his own shewing, had conveyed away the lot *324 with warranty, before it was evicted, he cannot have his action Rgiiiisst Birney, a remote grantor, but the action caa only be sustained by the last grantee. It was a geneial rule in England, that he who bad conveyed away the estate, with a covenant of wan ant y which run with the land, could not sustain a wurrantiae charlae; but it might be brought by the last grantee, and each grantee must vouch his warrantor to ¡hr end of the chain. This remedy being extinct in this country, it lias been decided that an action of covenant lies in its stead against a n mote grantor. See Booker’s adm’r vs Bell. 3 Bibb, 173, 4 Bibb, 225.
An action of covi-nani lie< on a wur-rants against a remote grantor.
An intervening grantee who has conveyed away Use es-taie, but has satisfied his covenant of Warranty, is restored to his right of action -gainst a temóte grantor on the warranty.
But the question, whether au intervening grantee, who had conveyed away the estate, can support the same action against a remote grantor, has never yet been decided. On this question we need not look for any aid from English precedents, where such an action of covenant was not indulged. In this case the plaintiff below has averred that Fields and Dunn, who were evicted from the lot, recovered a judgment against him on his warranty for the value of the land, with interest and costs, which judgment he liad fully paid and discharged before the commencement cf this suit. If this statement in the declaration can be material to, or aid him in, support oí his action, as it is not contradicted by any plea, it must be taken as true, and the plaintiff below is entitled to the benefit of these facts. The question remains, will they affect bis case and enable him to support his action? As Harm would have been entitled to the action if he had never conveyed — as he has been subjected to the action, because he had conveyed — as the estate passed by the title has gone into other hands — and his deed to Fields and Dunn can be of no more avail to them, because they have once had the benefit of it, and it is now inoperative against Har.n. because it is merged in the judgment against him, and discharged by the payment of that judgment, wesee no good reason why Ilann should hot be adjudged, to have the right of action revested in him and be restored to all he had parted with, by his deed, as much so as if Field and Dunn had reconveyed. As the endorser of a commercial instrument, who has paid its contents, can sustain his action against bis remote endorser without a reindorsement, because his own endorsement by the act of payment, per se, has become functus ojjicio, as to him, so ought Harm, who has rendered his own deed inoperative further against h;m, be restored to the situation *325 be was in before it was made, without a reconveyance formally executed. For these reasons wc cor.eeive the action may be maintained.
tf two grant tamls with of the grantors with warranty-,the «⅞,-ratity is not hereby es-
Qn rat demurrer the whotere-ydrdis before t¡)e court should look j?ack t0 t!le hi'stem>r-
The decision of the court on the demurrer to the afore-recited plea of the defendant below, is also made a question by the assignment of error. This involves first the sufficiency of the pica. The question presented by face of the plea, is, was the warranty of Birney ed and discharged on his conveying to Stephen Perkins, ■ v ° n .. . T ' . r ■ because Mepben rerkms, together with Joseph, hau viously conveyed to him with warranty ? We conceive it Was not, and that altho’ he may be made liable on his deed to Stephen Perkins, yet his remedy against Joseph and Stephen will not be impaired; andas he has that remedy against both, so remedy against him on the deed of one of them, ought to remain entire For it is laid down as a principle, that if two make a feoffment with warranty to one, his heirs and assigns, and feoffee reinfeoff one of the feoffers, in this ease the warranty is not gone, or defeated. 5 Bacon, 451, letter N. 1 Co. Inst. 393.
But as Birney in his pleadings had craved cyer of the deed, and the plaintiff below demurred, it brought the whole record before the court. And although Biniey’s plea may be insufficient, yet if there be any defect in the decía-radon, the demurrer of the plaintiff in the action ought to have been overruled. The declaration sets out a deed not only containing a covenant of warranty, hut likewise a covenant of seisen; and alleges that Birney, in the deed, síi-pulated that “he was lawfully seised in fee of, and had a good right to, sell and convey the said lot and appurtenances.” it likewise alleges a breath of this supposed covenant, by alleging that “he was not lawfully seised in lee of the lot and appurtenances aforesaid, and had no good right to sell and convey the same as he did ” By an inspection of the deed it will be perceived, that it contains no covenant of seisen, but a covenant to warrant only. This is too wide and substantial a variance from the instrument declared on, to be overlooked on general demurrer. The declaration for this cause is deemed defective, and the decision of the court below, in sustaining the demurrer of the plaintiff in that court, is therefore erroneous.
Other questions were made during the progress of the trial, which may again occur, and the most material will be noticed. To shew that the recovery in ejectment against *326 Field and Dunn, was by tille paramount, the plaintiff be* low shewed title from tile trustees of Lancaster lo J iciffi Miller. Next, to prove that the lessors of the plaintiff were his heirs, who had recovered the lot, he introduced a witness, who deposed, that he had resided in the neighbor-' hood of the lessors of the plaintiff in said ejectment, for several tears past, and had understood always from the plaintiffs in said ejectment, that they were the heirs of the said Jacob Miller, anc| that they had been generally reputed as such, and lie never heard it contradicted, and had no doubt of the fact: bit1 that he had never seen cither of the parents of the plaintiffs in ejectment, they having died long before the witness came to the neighborhood, as he understood. This cvidenct was objected to as improper to be left to the jury, to prove the heirship of the lessors of the plaintiff in the ejectment. The court overruled the objection, and gave an opinion, that proof of reputation that they were the heirs of Jacob Miller, was sufficient in this description of action. This decision is likewise questioned by the assignment of error.
Akho’ hearsay andrepu-d nee in proof of ped-ip-ee, yet are ttie"1fac't*ieie sought to b-anc-.-nt, and admitted if be'ter evi-had000^1 ^
The evidence by which pedigree may be proved, is art exception to the general rules of evidence. Hearsay is in that case admitted. from the sayings of the parents or members of the family, courts progressed at last to the ad-mjssion of the genera) recognition or reputation of the hcirship by others. It is admitted that it is difficult to lay down any precise rules on this subject. The kinds of evi-which are calculated to prove the consanguinity or ag¡,v¡tv 0p cne person to another, are various, and all may be proper after a lapse of time but although evidence for this purpose may be an exception to some of the rules of ev*^ence f°r other purposes, yet it is uot an exception to every rule, and ought to be, in some measure, subject to the great cardinal principle, which requires the production of the best evidence the nature of the case admits of, reasonably in the power of the party, in this cuse the deed to Jacob Mdler bore date in 1798, a period beyond which it could not be supposed the memory of man could not extend. It is not shewn that he resided or died in a foreign country, and, for aught that appears, be might have died in the neighborhood of the trial, and his heirs might have been amenable to the process of the court, and they were competent witnesses in this action. Under such circumstances, it may readily be presumed, that some person might *327 fiayc been produced who knew the ancestor personally, and also knew that he recognised his relation to the persóns now alleged to be his heirs. 8ueh proof would have certainly beeo of a higher grade than that adduced. Lapse of time or distance of place, may furnish grounds for greater latitude and admit tradition, reputation and recognition of a neighborhood, or the use of documents, records and inscriptions, which may disclose the connection by blood or marriage to him, from whom a right is claimed. But certainly no reason can exist for resorting to this weak and precarious species of evidence, when greater certainly is attainable. A personal knowledge of facts by a witness is always to be preferred to common fame, and common fame itself, when admitted, is best when it arises from those, who had the means of knowing the relation between the heir and ancestor.
in proof of hen sino, the relationsuip ^ leave the law ⅜,) determine heirship,
Bridges for plaintiff, Crittenden for defendant in error.
Besides, we do not admire the language in which the proof in the present instance is made. To swear that a nun is the heir of another, involves both law and fadt. When the relation or connection existing between a dece dent and the living claimant, is shewn, the law determines whether the latter is the heir of the former. Hence, the proof ought more properly to be confined to the existing relation, as whether the claimants were children, brothers, &c. The rights vested by the connection, are easily determined by (he law.
For tírese reasons, we deem the decision of the court below on the evidence of of heirship, also erroneous.
As the cause must be reversed, we cannot help suggesting an apparent difference between the names and characters of those alleged in this declaration to have recovered the lot in question, and those who are named as recovering it in the declaration in ejectment. But doubting whether this variance may not have arisen from the errors of the copyist, we have declined any decision upon it, knowing that if the declaration is amended, the plaintiff'below can correct this variance if it be one, and thereby avoid future embarrassment, in the progress of the controversy.
The judgment must be reversed, the verdict set aside, ⅜ the cause remanded for proceedings accordant with this -•pinion