Judge Owsley
delivered the Opinion of the Court.
On the first day of March, 1785, a written contract was entered into between Win. Montgomery and James Barnett, whereby it was agreed that Barnett should let Montgomery have a claim of four hundred acres of land on Green river, then owned by said Barnett, but not surveyed, and that when surveyed, the plat and certificate of survey to be assigned to Montgomery; and Montgomery, on his part, was to convey to Barnett a tract of five hundred and eighty acres, which was owned by Montgomery, and which lies at the mouth of Cyrus creek, on Green river; but in case either of the tracts should be taken by a prior claim, the tract remaining was to revert to the former owner.
After this contract was made, nothing appears to have been done in performance thereof, by either party for many years, and before either attempted to convey to the other, Wm. Montgomery departed this life, leaving Thomas Montgomery and others, his children and heir's. Thomas Montgomery then applied to Barnett and requested a fulfilment on his part, of the contract, made between him and Wm. *328 Montgomery, and after some reflection, a further a* greement was concluded between them, and writings mutually executed by the one to the other.
Agreement between T, Montgomery and Barnett.
T. Montgomt-ery’s bill on the claim derived from Barnett, against the adverse claimants in possession, dismissed.
Bill fay T. Montgomery against the other heirs of W. Montgomery and Barnett*
*328 Thomas Montgomery, on his part, covenanted that the heirs of his father, Wm. Montgomery deceased, of whom he is one, should, as soon as they become of full age, convey to Barnett the five hundred and eighty acre tract, according to the writ" ten agreement between said Barnett and Wm. Montgomery, dated the first of March, 1785. Barnett, on his part, by deed of bargain and sale, conveyed the four hundred' acre tract to Thomas and Smith Montgomery, with a covenant therein contained, “that in case the said Thomas and Smith Montgomery are evicted from the said land by any title or claim whatever, that he, the said Barnett, will convey to them the said five hundred and eighty acre tract, or pay to them the value thereof, at the present time, with legal interest.” The deed from Barnett to T. and S. Montgomery, and the deed of covenant from T. Montgomery to Barnett, are both dated the 24th of March, 1810,
Most of the land contained in the deed from Barnett was, at its date, in the possession of others holding under adverse and elder grants from the Commonwealth than that of Barnett; and for the purpose of investigating the relative strength and validity of the conflicting claims, Thomas Montgomery, (he having previously received a conveyance from Smith Montgomery for his part of the land,) brought suit in chancery, against the adyerse claimants, in the circuit court of the county where the land lies. After being prepared on the merits, the suit came on to be heard, and a decree was pronounced against the validity of the claim derived by Montgomery from Barnett, and his bill dismissed with cost.
This suit in equity was then brought by T-. Montgomery, against his surviving brothers and sisters, and the children of such as were dead, (all of whom, in conjunction with himself, compose the whole of the heirs of Wm. Montgomery deceased,) and against Barnett. The object of the bill, as respects *329 the. heirs of Wm. Montgomery, is, to obtain from them a conveyance of the five hundred and eighty ?.cre tract, so as to enable T. Montgomery to comply with his covenant to Barnett; and.the object of the bill; as respects Barnett, is, to compel him to comply with the covenant contained in the deed of conveyance made by him to T. and S. Montgomery, and to obtain a decree, either for the five hundred and eighty acres which Montgomery was to cause to be conveyed to him, or for the value thereof, at the date of the deed, and interest &c.
Decree of the circuit court,
On hearing, Barnett having elected to pay for the land rather than to surrender the five hundred and eighty acre claim, provided he should be .compelled to do either, it was decreed by the circuit court that the five hundred and eighty acre tract should be conveyed to him by T. Montgomery, in conjunction with the other heirs of Wm. Montgomery, and that Barnett should pay to T. Montgomery the value of that tract at the date of the deed made by Barnett in 1810, and interest thereon up to the time of entering the decree, and also that Barnett should pay the cost expended by Montgomery in prosecuting the suit brought by Montgomery, to investigate tne validity of the claim which Barnett had conveyed to him.
To reverse that decree this writ of error has been, prosecuted by Barnett.
The view that we have taken of the case, renders it unnecessary for us to notice all the objections raised in (he assignment of errors and argument to the proceedings and' decree, and we should not even have deemed it necessary to give any statement of the case, or. to notice but one objection, (for which the decree must now be reversed, and the cause again remanded for further preparation,) were it not that in giving a construction to the covenant contained in the deed of conveyance made by Bar? nett to Montgomery, the circuit court seems to have entertained an opinion not warranted by the import of the deed, and which, if not corrected in the decree which will hereafter have to be made, must re? suit in another reversal.
Decree on the mSin' the bill ofgthe6 grantee, on try/agaiiist" an adversary claimant, in SET1* the deed, under the elder Pate"b’s,tan" an eviction, & will author-for aVreach”’ of the warranty in the deed.
Case proper risdiotion tiave°specific performance, and avoid ■suits!1 y °
The objection that the case made out by Montgomery in his bill, is not one proper for the interference of a court of equity, has no weight, with the court. We doubt not but that the decision against Montgomery, in the suit which was brought by him, to investigate the title obtained from Barnett, was such an eviction as to authorise him to maintain an action at law against Barnett, for a breach of the covenant contained in the deed; and it is undoubtedly true that in the general, for a breach of covenant of warranty, such as is usually contained in cleeds conveying land, the only remedy is by action at *aw’ anc* no rec^ress can be b-acl j” a court of equir ty, as was decided in the case of Bradford vs. Long, 4 Bibb 225. The redress to which a covenantee is entitled, for a breach of the usual covenant of warranty, is a pecuniary compensation only, and there 'fr nothing in the rules and principles by which courts ^aw are governed, to prevent the party injured by such a breach of covenant, from obtaining redress in ail action at law,
But the covenant contained in the deed which was made to Montgomery by Barnett, is, in its im-an(l legal operation, widely different from a general covenant of warranty. It does not, like ordinary covenants of warranty, leave the amount of the liability of the' warrantor to the conclusions of law, upon the general expressions of the covenant, but it fixes the nature and extent of his liability, by express stipulation, and gives to him in case oí eviction from the land conveyed, the election either to restore the land received as the consideration for the conveyance or to pay the value thereof, with 'interest; and not only so, but the land which, by the terms of his covenant., Barnett had the privilege to elect to restore, lias not been copveyed to him, and he still holds the written covenant of Montgomery, bearing equal date with the deed to him for a conveyance. Under these circumstances, and especially as the title to the land which was to be conveyed by Montgomery is in the-heirs of his father, we can have no doubt as to the propriety .of his applying to a court of equity, for the purpose of obtaining the title from the heirs of .his father, so as to en-. *331 ible him to comply with bis covenant to Barnett, and for the purpose of compelling Barnett, under bis covenant of warranty to surrender his claim to the land which Montgomery bound himself to cause to be conveyed, or to pay therefor according to the import of the warranty contained in this deed. The propriety of such an application will be the more striking, when it is recollected, that if instead of bringing his bill in equity, Montgomery, had brought suit at law upon the covenant of warranty, and recovered compensation for the lost land, in damages, the judgment might have been injoined by bill in equity by Barnett, upon the grounds of defects and difficulties in Montgomery’s title, thereby drawing part of the same matter now in contest before a court of equity, for its consideration and decision. To avoid this circuity of action, and to enforce a specific execution of the covenants by each party, it was, therefore, proper for Montgomery to exhibit his bill in equity, shaped as it is with an aspect to finally settle the whole matter of contest.
An affidavit before a jus-peace,thathe delivered a c°py of the defendant is not sufficient,
Damages for the breach of ^warranty shall include the costs of the actl0n’ whereby the covenantee is evicted) or which he institutes, and prosecutes unsuccessfully
*331 There is, however, in the preparation of the cause, in the circuit court, a defect for which the decree must be reversed. The cause was heard without an appearance by Wm. Montgomery, one of the defendants and one of the heirs of Wm. Montgomery deceased, and there is no sufficient evidence in the record, that the subpoena which issued was ever served upon him. The only evidence of service upon him is contained in an affidavit filed in the papers, and which purports to have been made before a justice of the peace, by a private individual, stating that a copy of the subposna was delivered by him to Wm. Montgomery, and such an affidavit was ruled not to be sufficient evidence of service by this court, in the case of Trabue’s heirs vs. Holt &c. 2 Bibb 393.
But we have said that in the decree which was made by the circuit court, there appears to have been entertained by that court, an opinion in relation to the construction of the covenant contained in the deed made by Barnett to T. and S. Montgomery, that should be corrected when the cause again *332 comes before that court for decision, arid wé will now proceed to notice the objections to that opinion. It is this; that by thé terms of the covenant, Barnett is not liable for the cost which was expended by Montgomery in the prosecution of the suit m chancerj brought by him to investigate the title to the land conveyed to him and Smith Montgomery by Barnett, though by the decree in that suit, the land be admitted to be lost by a paramount title. After an eviction from the land conveyed by deed with general warranty, provided the eviction be by paramount title, the vendee has an unquestionable right to recover from the vendor not only the consideration actually paid for the land, with interest; but he has, moreover, a right to recover the cost of the suit in which the judgment or decree of eviction is had.
But on a covenant to refund the purchase money, with interest, the costs of the suit, by or against the covenantee, establishing the broach, are not recoverable.
But there is no analogy between such a covenant and the covenant contained in the deed which was made by Barnett to the Montgomerys; nor is the rule by which the extent of liability and right is governed in the one case applicable to that of thd other. By a covenant of general warranty, the amount to be recovered for a breach of the cove* nant, is not measured by any express stipulation of the parties, but is left to the conclusion of law upon the covenant, and however well settled the rule of construction applicable to such covenants may be, there is nothing in it which forbids the parties from contracting in the way most acceptable to themselves, and by appropriate provisions fix the amount to be recovered, in case of a breach,of the contract. Such we understand to have been done by the covenant contained in the deed from. Barnett to the Montgomerys, By the terms of the covenant, either the land received by Barnett was,to be restored to Montgomery; or the value, thereof, with interest, wás to be paid by him, in case of Montgomery’s being evicted from the land conveyed, As the parties nave, therefore, stipulated for the amount to be paid, it would be doing violence to their contract to carry the liability of Barnett beyond what he has covenanted to pay, by subjecting him to the coat Qf the suit in which the land was lost.
No fraud appearing, held the rescission was errone-ousj and that the purchaser ought to retain the land not lost by the adversaiy claims, and have compensation for the residue.
Turner and Caperton, for plaintiffs; Crittenden, for defendants.
Nor are we of opinion that the entire value of the whole tract which was to be conveyed by Montgomery, and the interest thereon should be decreed against Barnett. If the whole tract which was conveyed by Barnett, had been lost by paramount titles, there would be no doubt as to his liability for the full value of the land received by him; but from any thing contained in this case, it does not appear that Montgomery has been evicted from the entire tract, and as part only of the tract conveyed by the deed of warranty is lost, there should be no recovery from Barnett for the land still held by Montgomery under the deed. It is true that by the decree, the covenant, contained in the deed made by Barnett to Montgomery, is set aside; but there is no proof of any fraud on the part of Barnett, so as to authorise a cancelment of the deed made by him, and in the absence of evidence of fraud, the only redress to which Montgomery is entitled, is a rateable proportion of the value of the land which Montgomery was to convey, and interest with the proportion which the lost land bears to the residue of the tract not lost.
The decree must be reversed with cost, the cause remanded to the court below, and the appropriate means used to bring Wm. Montgomery before the court, and such further proceedings there had as may not be inconsistant with the principles of this opinion, and the usages of equity.