Hobbs vs. King.

---

CASE 29—PETITION ORDINARY—JUNE 25.

# Hobbs vs. King.

**APPEAL FROM LINCOLN CIRCUIT COURT.**

1. A *feme covert* is not bound by a warranty contained in a deed for the conveyance of land, in which she unites with her husband, and is not liable to an action thereon; yet if there is a warranty annexed to the land to which she is entitled, the warranty passes by the deed to her grantee, who may maintain an action against her warrantor upon a breach of the warranty.

2. Husband and wife conveyed land to H., who subsequently reconveyed it to them, and they then conveyed it to K.—all the deeds contained a covenant of general warranty. K. was evicted. *Held*—That K. could recover against· H. upon the covenant of warranty contained in the deed of H. to K.'s vendors—neither the *feme* nor her alienee being estopped to enforce the liability upon the warranty made to her.

A. A. BURTON, for appellant, cited *Shep. Touch.*, 201, *Law Lib. ed.; Co. Litt.*, 365 *a*, 385 *a; Com. Dig.*, *Guaranty*, *K* 3; 10 *Bac.*

*Ab., Bouvier's ed.*, 414, *Warranty, O; 2 Smith's Leading Cases, Law Lib. ed.*, 1844, *top page* 461; 1 *Sumner*, 263; 17 *Pick.*, 22.

G. W. DUNLAP, on same side, cited 3 *Mar.*, 322; *Coke Littleton*, 365 *a*, 385 *a; Doe vs. Oliver*, 2 *Smith's Leading Cases.*

F. T. Fox, for appellee, cited 4 *Bibb*, 226; 1 *Litt.*, 395; 2 *Litt.*, 263.

JUDGE WOOD DELIVERED THE OPINION OF THE COURT:

On the 9th day of March, 1855, William W. and Adeline L. Hobbs, his wife, conveyed to Charles E. Hobbs, the appellant, a tract of land in the county of Lincoln, containing eight acres and forty poles, for and in consideration of the sum of one hundred and eighty-five dollars, with a covenant to warrant the title to the land against all claims whatever.

On the 3d day of July, 1855, Charles E. Hobbs reconveyed said tract of land to William W. and Adeline Hobbs for the same consideration, (one hundred and eighty-five dollars,) with a covenant to warrant the title generally against all manner of claims.

On the day last named, William W. and Adeline Hobbs conveyed the same tract of land to William King, the appellee, for the same consideration, and with a covenant to warrant the title similar to the one contained in the other deeds.

Afterwards King was evicted by a paramount title, as is alleged.

This action was brought by King against C. E. Hobbs, upon the covenant of warranty contained in his deed to William W. and Adeline Hobbs, to recover the consideration paid by King to them for the land.

The question presented by the record for decision is, can King recover against Charles E. Hobbs, upon the warranty of his deed to William W. and Adeline Hobbs, the price paid to them by King for the land?

For the appellee, it is insisted that the deed from William and Adeline Hobbs to himself transferred, by the privity of estate, the antecedent warranty of title to them by the appellant.

Upon the part of appellant, it is contended that he is not able to the evicted alienee of William and Adeline Hobbs on

his warranty to them, because they had previously warranted the same land to him ; that the two warranties neutralize each other; that the first is a rebutter of the second, and operates as an estoppel against said William and Adeline Hobbs, and their heirs, and all subsequent claimants under them.

The doctrine thus contended for by appellant, and by the application of which he seeks to avoid liability on his warranty, will be found upon examination not to be applicable to this case.

*Bacon*, treating of the various modes in which a warranty shall be said to be defeated, determined, suspended, or avoided, (*vol.* 10, *p.* 413, *title Warranty, letter O,*) after stating a case in which the warranty is defeated, because a party who had enfeoffed another, subsequently took from his feoffee, to whom a warranty was made, as great an estate as the feoffee had from him; and if the warranty were allowed to stand, the party would warrant to himself, which he cannot do ; then states a case in which the warranty is not defeated. Thus : " But if one makes a feoffment with warranty to the feoffee, his heirs and assigns, and the feoffee re-enfeoffs the feoffor and his wife, or the feoffor and a stranger, in these cases the warranty is not defeated, but continues still."

The difference consists in the fact that the second feoffment is not to the same parties, but to the first feoffor and another.

This distinction was recognized and acted upon by this court in the case of *Birney vs. Hann*, (3 *Mar.*, 322.) See also *Thomas' Coke on Littleton, vol.* 2, *p.* 373.

Let us apply the principle to this case.

William and Adeline Hobbs conveyed a tract of land to Charles E. Hobbs, with a warranty of title; and Charles E. Hobbs reconveyed, with a warranty of title, the same land to William and Adeline Hobbs.

But it has been decided by this court, upon a review of all the authorities, that a *feme covert* who unites with her husband in a deed conveying her own estate, is not liable upon the death of her husband, upon a breach of the covenants of warranty in such deed. (*Falmouth Bridge Co. vs. Tibbatts*, 16 *B. Mon.*, and authorities there cited.)

Mrs. Hobbs, therefore, was not bound upon the warranty contained in the deed to C. E. Hobbs, although in terms she united with her husband in the warranty as well as in the conveyance.

But C. E. Hobbs was bound upon his warranty to both William and Adeline Hobbs.

They conveyed to King with a covenant warranting the title.

Now, although a *feme covert* is not bound by a warranty in which she unites with her husband, and is not liable to an action thereon, yet she has under our statutes power "to convey and pass over her estate." And deeds of *femes covert*, made in conformity with our statutes, are effectual to pass all the estate which such *femes covert* have in land.

If, therefore, a *feme covert* convey land, in the mode in which she is authorized and empowered to convey, and there is a warranty annexed to the land to which she is entitled, the warranty passes by the deed to the grantee. And her grantee may maintain an action against her warrantor upon a breach of the warranty.

Mrs. Hobbs was entitled to the benefit of the warranty made by C. E. Hobbs; but was not liable to the force of the warranty contained in the deed from her husband and herself to C. E. Hobbs. Neither she nor her alienee is estopped to enforce the liability upon the warranty made to her. The warranties are not equivalent, and one cannot be relied upon by plea to rebut or repel the other.

It follows as a necessary consequence that King was entitled to a judgment against C. E. Hobbs.

Nor can that judgment be properly diminished by any supposed liability of King upon his warranty to Mrs. Adeline Hobbs in the deed of partition between the heirs of Herbert King. The land does not appear to have been lost by a paramount outstanding title, as that expression is ordinarily understood. But the land was lost to Mrs. Hobbs and her vendee in this way. She had acquired what right she may have had to the land, if she had any, by descent from her father, and the partition between herself and her co-heirs. But when a settlement and distribution of the estate come to be made, it was

ascertained that Mrs. Hobbs had received more than her share of the estate, independently of the 8 acres and 40 poles of land which had been allotted to her of the tract of 47 acres. And she refused to bring her advancements into hotchpot. In order to equalize the division of the estate amongst said heirs, it became necessary to annul or disregard the partition which had been made, and sell the land. And for this purpose the entire tract of 47 acres was sold. Thus was Mrs. Hobbs deprived of a share of the land. But it was no more lost to her by eviction than it was to the other heirs. She had received an equivalent for any supposed interest she might have had in the land in the advancements which had been made to her by her father.

By the action of the court, all of the warranties as between the heirs of King contained in the deed of partition were destroyed, and there is no liability thereon from any one to another.

There was, therefore, no right to a set-off in Mrs. Hobbs to which Charles E. Hobbs could be substituted, whereby to diminish the recovery against him.

Upon the view of the case which we have taken, there is no error in the judgment of the circuit court. Wherefore, said judgment is *affirmed*.